Battle, J.
 

 "W-e concur in the opinion given by his Honor, in the Court below, upon both the questions, presented by the defendant in his bill of exceptions. The deposition of Mr.
 
 Totten
 
 was properly admitted. The place at which the defendant was notified, it would be taken, «pas indicated by several marks, in one only of which, and that not likely to mislead, was there a mistake. In a town not larger than Columbus, Georgia, the office of a particular gentleman, wffio is a commissioner and notary public, may be' easily found, though it is described as being at 132, on a certain-street, when it is in fact at No. 128, on that street. Had it been proved that the commissioner had two offices, and that the defendant was thereby misled, the deposition ought to have been rejected. In the case of
 
 Taylor
 
 v.
 
 Alston,
 
 1 Hay. Rep. 381, where the notice was .that the deposition -was to be taken, at Halifax Court-House, Yirginia,
 
 it was proved by a witness,
 
 that the house of Manning, where it was taken, stood eighty yards distance from the Court-House. In the other case, relied on, of
 
 English
 
 v.
 
 Camp,
 
 1 Hay. 358, the deposition was
 
 *106
 
 clearly inadmissible, because it did not appear that it was taken at any particular place in ilie county specified in the notice. . Had the proper place been mentioned, and the name of the county only omitted, the deposition might have been received, where there were other circumstances to identify the county, and prevent a mistake as to the place;
 
 Owens
 
 v. Kinsey, 6 Jones’ Rep. 38. A case more nearly resembling the present, than either of those referred to by the defendant’s counsel, is that of
 
 Elmore
 
 v. Mills, 1. Hay. Rep. 359. There, the notice was to take depositions at the house of
 
 John Archelands Elm
 
 ore, and the depositions appeared to have been taken at the house of
 
 John
 
 Elmore, and yet they wore allowed to be read, the Court holding that the presumption was, that the names were those of the same person. It cannot be doubted that the depositions would have been rejected if it had been proved that
 
 John Archelands Elmore
 
 and
 
 John Elmore
 
 were different persons. In cases of much more importance than the reception or rejection of depositions, it has been often decided, that the misdescription of a person or thing, in one particular will not be fatal if the person or thing be sufficiently identified in other particulars in which there is less probability of a mistake. For instances of such harmless misdescription, both in deeds and wills, see
 
 Miller
 
 v. Cherry, 3 Jones’ Eq. Rep. 24;
 
 Lowe v. Carter,
 
 2 Jones’ Eq. 383;
 
 Joiner v.
 
 Joiner, ibid 68.
 

 The other question is also clearly against the defendant.— The witness, Rice, was manifestly not the agent of the defendant to enter into'a contract with the plaintiff, for the sale of the J. Scott tobacco, but was merel}r a messenger sent out by the defendant to recall the plaintiff, in order that he, the defendant, might close a contract with him. The testimony offered to show what the defendant said to that witness, in the absence of the plaintiff, was, therefore, inadmissible, and. properly rejected.
 

 PeR CüRIAM,
 

 Judgment affirmed.